495 P.2d 809

**Vinton G. STEINER et al., Plaintiffs and Appellants,**

v.

**STATE of Utah, by and through the Utah State Road Commission and Department of Public Highways, and Nephi City Corporation, Defendants and Respondents.**

**No. 12531.**

Supreme Court of Utah.

March 24, 1972.

Milton T. Harmon, Nephi, for plaintiffs-appellants.

Merlin Lybbert, Stephen B. Nebeker, Salt Lake City, for defendants-respondents.

TUCKETT, Justice.

The plaintiffs commenced these proceedings in the court below seeking to recover damages resulting from injuries suffered by Kimala Steiner when she was struck by an automobile being operated by Cathleen Carter. The accident occurred

while Kimala Steiner was crossing U.S. Highway 91 at Fourth South Street in Nephi, Utah. The street in question is a part of the highway system constructed and maintained by the State of Utah and it is also a public street of the City of Nephi.

The plaintiffs claim that the State of Utah and Nephi City were negligent in creating a defective, unsafe and dangerous condition of the roadway in question and also in permitting a dangerous and defective street-lighting system to exist at the point where the accident occurred.

Nephi City and the State of Utah filed separate motions asking that the plaintiffs' complaint be dismissed. After a hearing was had the court made and entered orders dated December 12, 1968, and granted the motions. The order made respecting the State's motion contained the following provision:

It is hereby ordered that the motion of defendant State of Utah, to dismiss plaintiffs' Complaint, is granted, and the same is hereby dismissed.[1]

The order dealing with the City's motion provided in part as follows:

It is hereby ordered, adjudged and decreed that defendant, Nephi City Corporation's motion to dismiss the plaintiffs' complaint with prejudice and on the merits on the ground it fails to state a claim upon which relief can be granted is hereby granted.[2]

The plaintiffs did not file a motion to alter or amend the orders as entered by the court and no appeal was taken therefrom.

On December 12, 1969, the plaintiffs filed what they demoninated a Second Amended Complaint and in response thereto the State of Utah and Nephi City filed separate motions requesting that the complaint be dismissed. Orders granting the motions to dismiss were entered on April 12, 1971. Plaintiffs thereafter filed a motion for rehearing which was denied on May 6, 1971. From those rulings plaintiffs have appealed to this court.

The order entered on December 12, 1968, dealing with the motion of Nephi City to dismiss the complaint recited that the order dismissing the complaint was with prejudice and on the merits and it was the final adjudication of the issues as between the plaintiffs and the City and the time for appeal commenced to run upon entry of the order. The order of dismissal made pursuant to the State's motion to dismiss was without prejudice insofar as the State of Utah was concerned. However, even though the dismissal was without prejudice that order was a final adjudication and did not authorize the plaintiffs to file an amended complaint in these proceedings. Likewise the time for appeal commenced to

1. Rule 41(a) (1), U.R.C.P.

2. Rule 41(b), U.R.C.P.

run at the time the order was entered on December 12, 1968.[3]

We are of the opinion that the court was correct in ruling that the orders dismissing the complaint as to the State of Utah and Nephi City were final judgments and the orders of dismissal became a final adjudication.

The appeal is dismissed. No costs awarded.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.