Kae **NICHOLS**, Plaintiff and Appellant,

v.

**STATE** of Utah et al., Defendants and Respondents.

No. 14428.

Supreme Court of Utah.

Aug. 19, 1976.

---

Gary James Joslin, Spanish Fork, for plaintiff and appellant.

Vernon B. Romney, Atty. Gen., Salt Lake City, for defendants and respondents.

MAUGHAN, Justice:

Plaintiff filed a complaint, seeking a declaratory judgment and damages arising out of her involuntary commitment to the Utah State Hospital. She alleged the procedures for an emergency involuntary commitment under the provisions of Chapter 7, Title 64, U.C.A.1953, should be declared unconstitutional and invalid, on the ground she was deprived of her liberty thereunder, without due process of law. Her claim for damages was predicated on allegations of false imprisonment, deprivation of her civil rights, injury to her reputation, and physical and mental injuries.

Defendants filed a motion to dismiss the action with prejudice on the grounds that plaintiff had failed to state a claim upon which relief can be granted, and that defendants were granted immunity from such an action under the Governmental Immunity Act, Chapter 30, Title 63, U.S.C.1953.

The trial court granted defendants' motion on February 5, 1975. Plaintiff filed a motion for leave to file an amended complaint on November 24, 1975. Upon hearing, the trial court ruled it was without jurisdiction to entertain this motion, which was filed more than nine months after the action had been dismissed. Plaintiff appeals therefrom. We affirm.

Utah has adopted the majority rule that an order of dismissal is a final adjudication, and thereafter, a plaintiff may not file an amended complaint.[1] After an order of dismissal, the plaintiff must move under Rules 59(e) or 60(b) to reopen the judgment. In 3 Moore's Federal Practice, Sec. 15.10 pp. 959–960, there is an admonition that the careful practitioner will make sure that any order of dismissal contains a provision for leave to amend, unless the court is not disposed to grant it. The author further suggests that to be on the safe side, the practitioner should make his motion not later than ten days (Rule 59(e), U.R.C.P.), after entry of the judgment of dismissal, where there is no provision therein giving leave to amend.

In the instant action, the time for appeal commenced at the time the order of dismissal was entered. The trial court did not err in its ruling that it was without jurisdiction to entertain plaintiff's motion for leave to amend her complaint.

HENRIOD, C. J., and CROCKETT, ELLETT, and TUCKETT, JJ., concur.

1. *Steiner v. State*, 27 Utah 2d 284, 495 P. 2d 809 (1972).