George M. BAKER and Della A. Baker,
Plaintiffs–Appellants and
Cross–Respondents,

v.

WESTERN SURETY COMPANY; Craig
A. Papa–Dakis, individually and dba
"Auto–Mart;" and Auto–Mart, Defend-
ants–Respondents and Cross–Appel-
lants.

No. 870267–CA.

Court of Appeals of Utah.

June 20, 1988.

John D. Parken (argued), Marcella L. Keck, Parken & Keck, Salt Lake City, Nev., for plaintiffs-appellants and cross-respondents.

John N. Braithwaite (argued), Hanson, Dunn, Epperson & Smith, Salt Lake City, for defendants-respondents and cross-appellants.

Before GREENWOOD, ORME and BILLINGS, JJ.

## OPINION

GREENWOOD, Judge:

Plaintiffs, George and Della Baker (the Bakers), appeal from the district court's modification of its prior judgment pursuant to Utah R.Civ.P. 60(b). The Bakers claim that the court lacked jurisdiction to modify the order because a notice of appeal had been filed and docketed prior to the hearing on defendant Western Surety Company's (Western Surety) 60(b) motion. In addition, the Bakers claim that the court erred in modifying the judgment. We reject those arguments and affirm.

The dispute in this case involves a motor vehicle dealer's bond which Western Surety issued to defendant, Craig Papa-Dakis (Papa-Dakis), in February 1986. According

to the bond, Papa–Dakis as principal and Western Surety as surety were bound

to indemnify persons, firms and corporations for loss suffered by reason of violation of the conditions hereinafter contained, in the total aggregate annual penal sum of Twenty Thousand and no/100 Dollars ($20,000.).... The total annual aggregate liability of this bond, regardless of the number of claims, may not exceed $20,000.00....

In March 1986, the Bakers bought a vehicle from Papa–Dakis for approximately $15,000. Mrs. Baker could not operate the parking brake, and Papa–Dakis agreed to replace the vehicle. The Bakers returned the vehicle and received a temporary vehicle. The rightful owners compelled the Bakers to return the temporary vehicle, and the Bakers received neither title to the original vehicle nor a refund of the purchase price.

The Bakers filed suit against Western Surety and Papa–Dakis. The court entered a default judgment against Papa–Dakis. The Bakers then filed a motion for summary judgment against Western Surety. In response, Western Surety filed an interpleader action in district court because multiple claims had been made on the bond. Western Surety also filed a motion to stay the Bakers' action because of the pending interpleader action. On December 31, 1986, the court granted the Bakers' motion for summary judgment and denied Western Surety's motion to stay the proceedings.

The Bakers attempted to garnish the assets of Western Surety on January 14, 1987. On January 29, 1987, Western Surety appealed the trial court's denial of the motion to stay the proceedings to the Utah Supreme Court.

On February 6, 1987, Western Surety filed, in the trial court, a motion for relief from judgment or, in the alternative, to limit execution to the interpleaded funds, claiming that the Bakers were trying to execute on the general assets of Western Surety rather than against the bond funds held in the interpleader action. The motion stated that Western Surety's liability on the bond was limited to $20,000 regardless of the number of claims, and, therefore, the court's judgment should be corrected pursuant to Rule 60(b) to indicate that the judgment must be satisfied out of the bond. The trial court heard the motion on February 13, 1987. In April 1987, Judge Wilkinson granted Western Surety's motion pursuant to Rule 60(b)[1], stating that the court's prior judgment was entered by mistake and that Western Surety's liability was limited to the bond. The court again denied Western Surety's motion to stay the proceeding and granted the Bakers summary judgment in the amount of $15,800.14. Judgment was entered on April 7, 1987.

On March 26, 1987, prior to entry of judgment, the Utah Supreme Court, upon motion and stipulation of the parties, dismissed Western Surety's appeal. The Bakers then filed this appeal from the court's judgment as corrected to limit execution to the bond. Western Surety cross appealed, claiming the court improperly denied its motion to stay the proceedings.

We first address whether the trial court lacked jurisdiction to consider modification of its prior order pursuant to Rule 60(b) while Western Surety's appeal to the Utah Supreme Court was pending. Because the issue is one of first impression in the Utah appellate courts, we will examine the positions adopted in other jurisdictions.[2] Some federal circuit courts have held that district courts have no jurisdiction to consider a 60(b) motion in a case after a notice of appeal is filed, unless the movant obtains an order or remand from the appellate court. *Norman v. Young*, 422 F.2d 470, 474 (10th Cir.1970) (*but see Aune v. Reynders*, 344 F.2d 835, 841 (10th Cir.1965)); *Diapulse Corp. of Am. v. Curtis Publishing Co.*, 374 F.2d 442, 447 (2nd Cir.1967).

---

**1.** The motion was brought under Utah R.Civ.P. 60(a) as well, but granted solely pursuant to 60(b). Therefore, we do not address arguments raised under 60(a).

**2.** Rule 60(b) of the Federal Rules of Civil Procedure is substantially similar to the Utah rule and does not differ in any respect which would render examination of the issue addressed herein in federal cases inapplicable.

At least one state court, relying on its own precedent, has held that when an appeal is made, the district court is divested of jurisdiction unless permission first has been obtained from the appellate court. *State v. Hansen Lumber Co.*, 86 N.M. 312, 523 P.2d 810 (1974).

However, other federal circuit and state courts take the position that the trial court has jurisdiction to at least consider a 60(b) motion while an appeal is pending. *Commonwealth of Puerto Rico v. SS Zoe Colocotroni*, 601 F.2d 39, 42 (1st Cir.1979); *Pioneer Ins. Co. v. Gelt*, 558 F.2d 1303, 1312 (8th Cir.1977); *First Nat'l Bank of Salem, Ohio v. Hirsh*, 535 F.2d 343, 345–46 (6th Cir.1976); *Binks Mfg. Co. v. Ransburg Electro–Coating Corp.*, 281 F.2d 252, 260 (7th Cir.1960); *Ferrell v. Trailmobile, Inc.*, 223 F.2d 697, 699 (5th Cir.1955); *Smith v. Pollin*, 194 F.2d 349, 350 (D.C.Cir.1952) (per curiam); *Duriron Co. v. Bakke*, 431 P.2d 499, 500 (Alaska 1967); *Life of the Land v. Ariyoshi*, 57 Haw. 249, 553 P.2d 464, 465 (1976); *Martin v. Martin*, 5 Kan. App.2d 670, 623 P.2d 527, 531–31 (1981); *Huneycutt v. Huneycutt*, 94 Nev. 79, 575 P.2d 585 (1978). According to those cases, the 60(b) motion may be filed and considered by the trial court without leave from the appellate court, and the trial court may deny the motion without permission of the appellate court. *Pioneer Ins. Co.*, 558 F.2d at 1312; *First Nat'l Bank of Salem, Ohio*, 535 F.2d at 345–46. However, if the district court is inclined to grant the motion, the movant must obtain an order of remand from the court before an appropriate order or judgment is actually entered. *Ferrell*, 223 F.2d at 699; *Smith*, 194 F.2d at 350.

We decline to follow the earlier cases which state that the appellate court cannot consider a 60(b) motion after a notice of appeal is filed. This approach "always has seemed anomalous since the time for making the motion continues to run while the case is pending on appeal." C. Wright & A. Miller, 11 *Federal Practice & Procedure* § 2873 (1973). Further, under that approach, a party seeking 60(b) relief would have to first present his grounds for relief to the appellate court, and if appropriate, the appellate court would remand. *Id.* at 264. Alternatively, the movant would have to obtain the appellate court's permission before the trial court could rule on the motion. *Id.*

■ We, therefore, adopt the position adopted by a majority of courts in recent years that the trial court has jurisdiction to consider a 60(b) motion while an appeal is pending. That approach allows the trial court, which is in a better position to recognize a frivolous 60(b) motion, to evaluate the merits of the motion more quickly, *see Commonwealth of Puerto Rico*, 601 F.2d at 42, and may avoid unnecessary appeals. *Washington v. Board of Educ.*, 498 F.2d 11, 15–16 (7th Cir.1974). In addition, we agree that this procedure is "the more satisfactory procedure" and "sound in theory and preferable in practice." C. Wright & A. Miller, *Federal Practice & Procedure*, § 2873 (1973).

■ We further hold that if the district court finds the motion to be without merit, it may enter an order denying the motion, and the parties may appeal from that order. If, however, the trial court is inclined to grant the motion, counsel should obtain a brief memorandum to that effect from the trial court, and request an order of remand from the appellate court so that the trial court can enter an order.[3] *Com-*

3. Rule 60(a), concerning the correction of clerical errors in judgments, specifically provides that "such mistakes may be so corrected ... while the appeal is pending ... with leave of the appellate court." Rule 60(b) contains no similar provision, arguably meaning that even with leave of the appellate court 60(b) relief is not available once an appeal has been filed. However, Rule 60(b)'s time limitation on filing a motion exceeds the time within which an appeal may be brought, suggesting the rule should not be so construed. Moreover, the special provision in Rule 60(a) is apparently intended to permit a trial court's correction of merely clerical errors in a judgment without the delay and administrative burden of actual remands, so long as the appellate court consents. Such a shortcut is not available under Rule 60(b) and, to accomplish the more substantive action contemplated in that rule, actual remand and formal return of jurisdiction to the trial court are required, unless, as in this case, the same is

*monwealth of Puerto Rico,* 601 F.2d at 42. Further, we are optimistic that "[d]istrict courts, especially when the pendency of an appeal is brought to their attention, can be expected to act promptly on most 60(b) motions...." *Id.* at 41.

■ Applying this rule in the present case, we find that the trial court had jurisdiction to consider Western Surety's 60(b) motion. Although Western Surety did not request the appellate court to remand the case, as contemplated by the procedure outlined in this opinion, the parties followed a similar procedure with the identical substantive result.

After the hearing on the 60(b) motion and learning of the trial court's inclination to grant the relief requested, the parties stipulated to dismissal of Western Surety's appeal. Subsequently, the trial court entered its order granting the 60(b) motion. The stipulation of dismissal served the same function as a remand and afforded the trial court jurisdiction. We hold that the trial court had jurisdiction to consider Western Surety's 60(b) motion, even though an appeal was pending, and to enter an order granting the motion after dismissal of the appeal.

■ Because we have ruled that the trial court had jurisdiction to consider Western Surety's 60(b) motion, we must also determine if the trial court abused its discretion in modifying its prior order pursuant to Rule 60(b). Rule 60(b) provides, "On motion and upon such terms as are just, the court may in the furtherance of justice relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect...." A trial court's decision to grant or deny a 60(b) motion will not be overturned absent an abuse of discretion. *Fackrell v. Fackrell,* 740 P.2d 1318, 1320 (Utah 1987).

In the present case, the court's initial order, entered on December 31, 1986, granted the Bakers judgment against Western Surety for $15,800.14 together with interest and costs. In accord with Western Surety's motion to amend the judgment pursuant to Rule 60(b), the court ordered that Western Surety's liability on the judgment was limited to the bond. The narrow issue, therefore, is whether the trial court erred in limiting Western Surety's liability to the bond amount.

■ In interpreting the bond, we apply principles of contract. law. If the trial court interprets a contract as a matter of law without regard for extrinsic evidence, we afford its interpretation no particular weight. *Seashores Inc. v. Hancey,* 738 P.2d 645, 647 (Utah Ct.App.1987). "The primary rule in interpreting a contract is to determine what the parties intended by looking at the entire contract and all of its parts in relation to each other, giving an objective and reasonable construction to the contract as a whole." *Sears v. Riemersma,* 655 P.2d 1105, 1107–08 (Utah 1982). Where the language of the bond extends the surety's liability beyond that required by Utah Code Ann. § 41–3–16 (1982), the surety is bound by the bond language. *Dennis Dillon Oldsmobile, GMC, Inc. v. Zdunich,* 668 P.2d 557, 560 (Utah 1983); *Western Surety Co. v. Murphy,* 83 Utah Adv. Rep. 26, 27 (Ct.App. May 25, 1988); *Shelter America Corp. v. Ohio Cas. and Ins. Co.,* 745 P.2d 843, 846 (Utah Ct.App. 1987).

In the present case, the trial court correctly interpreted the bond as a matter of law. The bond clearly states that "the total annual aggregate liability of this bond, regardless of the number of claims, may not exceed $20,000." Unlike the bond language in both *Dennis Dillon* and *Shelter America,* the surety's liability is clearly limited to $20,000 in total and not for each claim. Therefore, because the trial court correctly concluded as a matter of law that the contract limited the surety's liability, we find no error in the court's correction of its judgment under Rule 60(b) to limit recovery to the bond.

accomplished through some equivalent procedure.

Because the judgment of the lower court is affirmed, we need not reach the issues raised in the cross appeal.

ORME and BILLINGS, JJ., concur.