Carolyn J. WHITE, individually and as Trustee for the White Family Trust and as General Guardian for Ryan White, Richard White and Victoria White, Plaintiffs, Appellants, and Cross–Appellees,

v.

The STATE of Utah and The Department of Financial Institutions for the State of Utah, Defendants, Appellees, and Cross–Appellants.

Nos. 900034, 900035.

Supreme Court of Utah.

June 20, 1990.

Douglas F. White, Tooele, for plaintiffs, appellants, and cross-appellees.

R. Paul Van Dam, Stephen J. Sorenson, Bryce Pettey, Ray R. Christensen, Jay E. Jensen, Denton M. Hatch, Salt Lake City, for defendants, appellees, and cross-appellants.

## ORDER

### PER CURIAM:

These cases are before the court on defendants' motion to consolidate, to stay the appeal proceedings, and to remand the cases to the district court for consideration of a motion brought under Utah Rule of Civil Procedure 60(b) to amend the judgment appealed in each case. The motion to consolidate was earlier granted. The motion to remand is now denied. The district court is directed to consider and decide the rule 60(b) motion.

Judgment was granted in favor of plaintiffs and against defendants. Plaintiffs appealed from the judgment in case No. 900034, arguing that the trial court erred in not granting attorney fees to them. Defendants appealed from the same judgment in case No. 900035, alleging error in finding liability on their part. Since the appeals are from the same judgment, they were consolidated under No. 900034.

Defendants now aver that after the judgment was entered, they discovered that the amount of the judgment was overstated by approximately $9,000 because plaintiffs failed to account for certain amounts repaid to them. On January 16, 1990, defendants moved to set aside or amend the judgment under rule 60(b) on the alternative grounds of mistake, newly discovered evidence, or fraud. Because the time for appeal is not tolled by a rule 60(b) motion, unlike motions under rules 50(b), 52(b), and 59, defendants filed a notice of appeal on January 22, 1990, the last day before the appeal time expired. However, the district court thereafter refused to act on the rule 60(b) motion, ruling that the appeal had divested that court of jurisdiction. Defendants then brought this motion to stay proceedings in this court and to remand for the purpose of determining the rule 60(b) motion.

Under rule 60(b), the district court has the power to relieve a party of a judgment even though it may be a final judgment.[1] Where that final judgment has been appealed, however, the power in the trial court to modify or set it aside presents the appellate court with the possibility of being "confronted with an uncontrollable moving target."[2] The general rule has therefore been that an appeal divests the trial court of jurisdiction and transfers jurisdiction to the appellate court, where it remains until the appellate proceeding terminates and the trial court regains jurisdiction. Where this divestiture of jurisdiction conflicts with rule 60(b)'s purpose to do justice, many courts have ruled that a party may apply to the appellate court for a temporary remand to the trial court for a hearing on the rule 60(b) motion, as defendants have done in this case. *Aune v. Reynders*, 344 F.2d 835 (10th Cir.1965); *Norman v. Young*, 422 F.2d 470 (10th Cir. 1970); *Smith v. Lujan*, 588 F.2d 1304 (9th Cir.1979); *State ex rel. Bell v. Hansen Lumber Co.*, 86 N.M. 312, 523 P.2d 810 (1974); *In re Estate of Condry*, 117 Ariz. 566, 574 P.2d 54 (Ct.App.1977).

Some courts, observing that this solution serves only to delay review of the issues if the motion under rule 60(b) is ultimately denied, have formulated a second rule. Under the second rule, the trial court has jurisdiction to consider a rule 60(b) motion after an appeal has been filed and also has power to deny it. But if the

---

1. Indeed, it has been observed that the rule provides a "nice balance between the interest in finality [of judgments], and the desire to achieve justice." Wright & Miller, 11 *Federal Practice and Procedure*, § 2872 (1973).

2. *Long v. Bureau of Economic Analysis*, 646 F.2d 1310, 1318 (9th Cir.1981).

motion has merit, the trial court must so advise the appellate court, and the moving party may then request a remand. *Ryan v. United States Lines Co.,* 303 F.2d 430 (2d Cir.1962); *Commonwealth of Puerto Rico v. SS Zoe Colocotroni,* 601 F.2d 39 (1st Cir.1979); *Duriron Co. v. Bakke,* 431 P.2d 499 (Alaska 1967); *Life of the Land v. Ariyoshi,* 553 P.2d 464 (Haw.1976). This court has never been confronted with this problem, prior to this case, although the Utah Court of Appeals recently adopted the second rule described above in *Baker v. Western Surety Co.,* 757 P.2d 878 (Utah Ct.App.1988). We now do the same.

This court has long followed the general rule that the trial court is divested of jurisdiction over a case while it is under advisement on appeal.[3] We have made exceptions to the rule, in the interest of preventing unnecessary delay, where any action by the trial court is not likely to modify a party's rights with respect to the issues raised on appeal. Thus in *Peters v. Peters,* 15 Utah 2d 413, 394 P.2d 71 (1964), we held that the district court, which has continuing jurisdiction after entry of a final divorce decree, may adjudicate a petition to modify the decree due to a change of circumstances while the decree is pending on appeal since the petition for modification is collateral to the divorce decree. Similarly, where the trial court has, pursuant to Utah Rule of Civil Procedure 54(b), certified as final a judgment against one party in a multi-party action, the remainder of the action remains in the trial court and is not necessarily affected by the appeal. In that case, the trial court has jurisdiction to proceed with the claims remaining unadjudicated. *Lane v. Messer,* 689 P.2d 1333 (Utah 1984).

■ In the instant case, defendants seek to reduce the judgment against them by amounts which they aver have already been paid to plaintiff.[4] An adjudication of the motion, though a modification of the judgment may result, will not affect the legal issues raised here with respect to

attorney fees and defendants' liability. Under these circumstances, we see no need to suspend our jurisdiction while the district court has the matter under consideration, as that will only delay proceedings. Instead, the trial court should hear the rule 60(b) motion and may deny it without interference from this court. If the motion is granted, the trial court in this case need only advise this court that the judgment has been modified. The district court action granting or denying the motion and the modified judgment should be included in the record when it is prepared for review by this court.

Defendants' motion to stay proceedings and remand the case to the district court is denied, and the district court is directed to hear and determine the rule 60(b) motion.

---

**3.** *See, e.g., Smith v. Kimball,* 76 Utah 350, 289 P. 588 (1930).

**4.** We, of course, express no opinion on the merits of the motion, that being for the trial court to determine.