2006 UT App 75

**NATIONAL ADVERTISING COMPANY, Plaintiff and Appellant,**

v.

**MURRAY CITY CORPORATION, Gene V. Crawford, and Sherry T. Crawford, Defendants and Appellees.**

No. 20050110–CA.

Court of Appeals of Utah.

Feb. 24, 2006.

Donald L. Dalton, Dalton & Kelley, Salt Lake City, for Appellant.

Robert C. Keller, Williams & Hunt, R. Stephen Marshall, and Steve K. Gordon, Durham Jones & Pinegar, Salt Lake City, for Appellees.

Before Judges GREENWOOD, BILLINGS, and McHUGH.

## OPINION

BILLINGS, Judge:

¶ 1 Plaintiff National Advertising Company (NAC) appeals the trial court's grant of Defendants [1] Gene and Sherry Crawfords' (the Crawfords) postjudgment motion for leave to file a second amended answer and counterclaim (Motion for Leave to Amend). NAC contends the trial court lacked jurisdiction to grant the Crawfords' Motion for Leave to Amend. NAC also appeals the trial court's order finding that NAC breached its lease with the Crawfords and the Crawfords are eligible for damages resulting from such breach. We reverse, concluding the trial court lacked jurisdiction to grant the Crawfords' Motion for Leave to Amend, and vacate the judgment entered on the Crawfords' counterclaim.

## BACKGROUND

¶ 2 In December 1974, NAC entered into a lease agreement (the Lease) with a prior owner of the property now owned by the Crawfords (the Property). Under the Lease, NAC reserved the right to construct and maintain an outdoor advertising sign on the Property. The initial term of the Lease was from February 1, 1975, to January 31, 1985. However, following the lapse of the initial term, the Lease renewed for an additional ten years and ran thereafter from year to year, unless the lessor terminated the Lease by February 1 of any subsequent year, with at least sixty days written notice given to the Lessee.

¶ 3 Paragraph 9 of the Lease states:

In the event that the portion of the Lessor's property occupied by the Lessee's displays is to be improved by permanent construction or remodeling, as evidenced by a building permit, requiring the removal of the Lessee's displays, the Lessor may terminate [the Lease] upon giving the Lessee ninety (90) days written notice of termination, together with a copy of the building permit, by registered mail to either the Lessee's Home Office or the Branch Office listed, and upon the Lessor's refunding to the Lessee the rent previously paid for the unexpired portion of this Lease beyond the termination date. The Lessee agrees to remove its displays within the 90 day period.

¶ 4 In December 1995, the Crawfords purchased the Property,[2] and subsequently applied for an outdoor advertising permit of their own. Murray City accepted the Crawfords' outdoor advertising permit application. On March 29, 1996, Murray City issued the Crawfords a contingent sign permit effective upon NAC removing its sign from the Property. Murray City's zoning ordinance precluded the display of both signs.

¶ 5 Consequently, on April 23, 1996, the Crawfords notified NAC that they planned to commence construction on the Property and that NAC would be required, under Paragraph 9 of the Lease, to remove its sign from the Property. On June 10, 1996, the Crawfords gave NAC a second notice, instructing NAC to remove its sign from the Property. On July 26, 1996, the Crawfords provided NAC with a copy of the building permit referenced in the Crawfords' earlier notices to NAC. Finally, on August 7, 1996, the Crawfords issued NAC a third notice, ordering NAC to remove its sign. Despite receiving these notices, NAC did not remove its sign from the property by October 23, 1996, ninety days after the Crawfords presented NAC with a copy of the building permit.

¶ 6 On November 25, 1996, in an effort to avoid any dispute as to whether the Crawfords had terminated the Lease, the Crawfords sent NAC a written notice stating the Lease would terminate effective February 1, 1997, at the latest, pursuant to Paragraph 3

---

1. Murray City Corporation, a Utah Municipality, is also a named defendant to this action.

2. Brad Crawford, the Crawfords' son, whom the Crawfords had granted a general power of attorney, purchased the Property on his parents' behalf. The Crawfords were the successors in interest to the lessor under the Lease.

of the Lease.[3]

¶7 In February 1997, NAC obtained a permit to erect an outdoor advertising sign on a parcel of land neighboring the Property. Since Murray City's zoning ordinance prohibited any outdoor advertising signs within a radius of 500 feet of another off-premise advertising sign, NAC's sign permit prevented the Crawfords from erecting their own sign on the Property.

¶8 On August 2, 2002, the trial court found the Crawfords' sign permit valid and NAC's sign permit invalid. On October 9, 2003, this court affirmed the validity of the Crawfords' sign permit.[4] *See National Adver. Co. v. Murray City*, 2003 UT App 332, 2003 WL 22318187 (mem.). We remitted the case to the trial court on December 12, 2003.

¶9 On December 23, 2003, the Crawfords submitted their Motion for Leave to Amend to the trial court. In their Motion for Leave to Amend, the Crawfords asserted that only after receiving final confirmation that their permit was valid were they able to pursue a counterclaim for breach of contract. The trial court granted the Crawfords' Motion for Leave to Amend on February 5, 2004. On February 10, 2004, the Crawfords filed their amended counterclaim, alleging that (1) NAC breached the Lease by not removing its sign by October 23, 1996, and (2) NAC was liable for the Crawfords' damages resulting from such breach—specifically, the lost rental profits the Crawfords suffered due to their inability to enter into a lease with another entity for the erection of an outdoor advertising sign on the Property.

¶10 In a bench trial on October 19, 2004, the trial court found that NAC breached the Lease,[5] and that such a breach deprived the Crawfords of seventy-eight monthly rental payments of $1050, for a total of $81,000.[6] NAC appeals.

## ISSUES AND STANDARDS OF REVIEW

■■■ ¶11 On appeal, NAC contends the trial court lacked jurisdiction to grant the Crawfords' Motion for Leave to Amend. "We review the trial court's determination on jurisdictional issues for correctness, giving no deference to the trial court's decision."[7] *State v. Nones*, 2000 UT App 211, ¶5, 11 P.3d 709.[8]

## ANALYSIS

¶12 NAC maintains that the trial court lacked jurisdiction to grant the Crawfords'

---

3. Paragraph 3 of the Lease states that the Lease shall commence on February 1, 1975, and shall continue for ten years. Paragraph 3 also states that the Lease shall continue for an additional ten years (after its initial term expires), and thereafter from year to year, unless terminated by the lessor as of any subsequent anniversary of the Lease upon at least sixty days written notice to the lessee.

4. This case appeared before the Utah Court of Appeals twice prior to 2003. In 1999, this court, in a memorandum decision, held that the trial court's grant of summary judgment in favor of NAC was improper where there was a genuine issue of material fact as to whether NAC properly served the Crawfords. *See National Adver. Co. v. Murray City*, 1999 UT App 202, 1999 WL 33244743 (mem.). We reversed and remanded. *See id.* Additionally, in 2001, this court, again in a memorandum decision, held that the trial court's grant of summary judgment for the Crawfords was improper because there was a genuine issue of material fact as to whether NAC effectuated service of process on the Crawfords. *See National Adver. Co. v. Murray City*, 2001 UT App 376, 2001 WL 1549279 (mem.). Again, we reversed and remanded. *See id.*

5. The trial court also found that NAC breached "the implied covenant of good faith and fair dealing, by not removing its sign from the Property by October 23, 1996."

6. The trial court entered judgment for a total amount of $109,632.91. This amount included the $81,900 plus prejudgment interest of $27,732.91, which accrued from November 1, 1996, to October 25, 2004.

7. It is true that we review a trial court's decision to grant a motion under Utah Rule of Civil Procedure 60(b)—the relevance of which we address below—for an abuse of discretion. *See Katz v. Pierce*, 732 P.2d 92, 93 (Utah 1986). But here, even if we assume that the trial court considered the Crawfords' Motion for Leave to Amend to be a rule 60(b) motion, the first question is whether the trial court had jurisdiction to entertain the motion. *See Baker v. Western Sur. Co.*, 757 P.2d 878, 881 (Utah Ct.App.1988) (determining whether trial court had jurisdiction to consider rule 60(b) motion before addressing whether trial court abused its discretion in granting the motion).

8. Because we reverse on jurisdictional grounds, we do not reach NAC's substantive claim on appeal.

Motion for Leave to Amend because, before filing their Motion for Leave to Amend, the Crawfords failed to first move to reopen judgment under rules 59 or 60 of the Utah Rules of Civil Procedure. *See* Utah R. Civ. P. 59(e) (providing for motion to alter or amend judgment); Utah R. Civ. P. 60(b) (providing for motion for relief from judgment). Furthermore, NAC argues that even if we were to find that the Crawfords did in fact move to reopen judgment, the filing of any such motion was untimely under rules 59 or 60, depriving the trial court of jurisdiction to grant the Motion for Leave to Amend. *See* Utah R. Civ. P. 59(e) (requiring that motion to alter or amend judgment be served "no later than 10 days after entry of the judgment"); Utah R. Civ. P. 60(b) (requiring that for reasons of "(1) mistake, inadvertence, surprise, or excusable neglect; [or] (2) newly discovered evidence," all of which the Crawfords contend their Motion for Leave to Amend alleges, motion for relief from judgment shall be made "not more than 3 months after the judgment, order, or proceeding was entered or taken").

■ ¶ 13 In Utah, upon occurrence of "a final adjudication, and thereafter, a [party] may not file an amended complaint. [Instead, the party] must move under [r]ules 59(e) or 60(b) to reopen the judgment." *Nichols v. State*, 554 P.2d 231, 232 (Utah 1976). Utah's rule is consistent with federal court holdings under rules 59 and 60 of the Federal Rules of Civil Procedure.[9] *See Combs v. PriceWaterhouse Coopers*, 382 F.3d 1196, 1205 (10th Cir.2004) ("After a district court enters a final judgment ... it may not entertain motions for leave to amend unless the court first sets aside or vacates the judgment pursuant to Fed.R.Civ.P. 59(e) or 60(b)."); *see also Cooper v. Shumway*, 780

F.2d 27, 29 (10th Cir.1985) (per curiam) ("[O]nce judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed.R.Civ.P. 59(e) or 60(b)." (citations omitted)); *Ahmed v. Dragovich*, 297 F.3d 201, 208 (3d Cir.2002) (same); *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir.2002) (same).

■ ¶ 14 Here, the Crawfords acknowledge that they did not file a separate motion to reopen judgment. The Crawfords also concede that their Motion for Leave to Amend did not specifically refer to rules 59 or 60. Rather, the Crawfords claim that their Motion for Leave to Amend satisfied the requirements of those rules and was in substance equal to a motion to reopen judgment.

■ ¶ 15 It is true that courts have " 'the *discretionary* power to treat ... [a] motion ... to amend a complaint as including a [r]ule 59(e) motion to amend judgment or a [r]ule 60(b) motion for relief from judgment.' " *Combs*, 382 F.3d at 1205 (emphasis added) (quoting 3 James Wm. Moore et al., *Moore's Federal Practice* § 15.12[2] & n. 19 (3d ed.2004)). However, "when [a party] files a motion for leave to amend alone, the court is not *obligated* to construe it as a simultaneous request for relief under [r]ules 59 or 60." *Camp v. Gregory*, 67 F.3d 1286, 1290 (7th Cir.1995). Here, the trial court gave no indication in its order granting the Motion for Leave to Amend,[10] or elsewhere, that it considered the Crawfords' Motion for Leave to Amend to be a simultaneous motion to reopen judgment under rules 59 or 60.

■ ¶ 16 However, even if the trial court considered the Crawfords' Motion for Leave to Amend to be a simultaneous motion to reopen judgment under rules 59 or 60, the

---

**9.** Our reliance on federal case law throughout this opinion is appropriate. *See State v. Rothlisberger*, 2004 UT App 226, ¶ 14, 95 P.3d 1193 ("In circumstances in which Utah courts have not definitively addressed an issue, it is appropriate for us to turn to decisions ... that interpret related federal rules for guidance."), *cert. granted*, 106 P.3d 743 (Utah 2004).

**10.** In its order granting the Crawfords' Motion for Leave to Amend, the trial court stated: "After reviewing the pleadings submitted by the parties,

and for the reasons set forth in the Crawfords' supporting memoranda, the [c]ourt grants the Crawfords' Motion for Leave to File Second Amended Answer and Counterclaim." The Crawfords' supporting memorandum stated that the Crawfords requested leave to amend pursuant to rules 13 and 15 of the Utah Rules of Civil Procedure. The memorandum did not mention a motion to reopen judgment, nor did the memorandum implicitly or expressly refer to rules 59 or 60 or their requirements.

Crawfords' Motion for Leave to Amend was untimely under either rule. Under rule 59(e), "[a] motion to alter or amend the judgment shall be served no[ ] later than 10 days after the entry of the judgment." Utah R. Civ. P. 59(e). Similarly, under rule 60(b), a motion for relief from judgment for mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence—all of which the Crawfords suggest their Motion for Leave to Amend alleges [11]—must be made "not more than 3 months after the judgment, order, or proceeding was entered or taken." Utah R. Civ. P. 60(b). Here, the trial court entered judgment on August 2, 2002—over a year before the Crawfords filed their Motion for Leave to Amend—making the Crawfords' motion untimely under either rule.

¶ 17 The Crawfords maintain that because they filed their motion only eleven days after this court remitted the case to the trial court, their motion was timely under rules 59 and 60. Although the Crawfords fail to explicitly state as much,[12] they appear to base their contention of timeliness on the assumption that the filing of the appeal divested the trial court of its jurisdiction to make a rule 59 or rule 60 ruling, thus tolling these rules' filing deadlines. Therefore, the Crawfords claim their filing of the motion within eleven days of the date of remittitur—which is defined as the "formal revesting of jurisdiction with the trial court after appellate proceedings," Chase Manhattan Bank v. Principal Funding Corp., 2004 UT 9, ¶ 9, 89 P.3d 109—was procedurally appropriate and well within the rules' filing deadlines. We disagree.

¶ 18 First, we note that even if we were to accept the Crawfords' contention, such a theory holds no weight under rule 59. See Utah R. Civ. P. 59. Under rule 59, motions must be filed within ten days of the entry of judgment. See id. Because the trial court issued its order on August 2, 2002, the Crawfords were required under rule 59 to submit their motion by August 26, 2002.[13] See id. This deadline was well before NAC filed its appeal on September 3, 2002, making NAC's pending appeal irrelevant as to whether the Crawfords timely filed their motion under rule 59.

¶ 19 Second, with regard to rule 60, we take this opportunity to clarify Utah's rule on the effects of a pending appeal on a trial court's jurisdiction. In White v. State, 795 P.2d 648 (Utah 1990) (per curiam), the Utah Supreme Court stated that "[the] court ha[d] long followed the general rule that the trial court is divested of jurisdiction over a case while it is under advisement on appeal." Id. at 650. However, having said that, the White court also stated that in Baker v. Western Sur. Co., 757 P.2d 878 (Utah Ct.App.1988), "the Utah Court of Appeals ... adopted [a] second rule," under which "the trial court has jurisdiction to consider a rule 60(b) motion after an appeal has been filed and also has power to deny it," and declared, "[w]e now do the same." White, 795 P.2d at 649–50.

¶ 20 In Baker, this court stated that it

decline[d] to follow the earlier cases which state[d] that the [trial court] cannot consider a 60(b) motion after a notice of appeal is filed....

We, therefore, adopt[ed] the position adopted by a majority of courts in recent years that the trial court has jurisdiction to consider a 60(b) motion while an appeal is pending....

---

11. Notably, the Crawfords offer no factual support, either in their memorandum in support of their Motion for Leave to Amend or in their brief, for their assertion that mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence occurred in this case. Nor do the Crawfords attempt to explain what specific mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence occurred—making it unclear whether they are claiming one or all of these rule 60(b) justifications.

12. In their brief, the Crawfords simply state, with no elaboration or explanation, that their "motion was timely under [r]ules 59 or 60 as it

was filed only 11 calendar days after the [Utah] Court of Appeals's remittitur."

13. Under rule 6 of the Utah Rules of Civil Procedure,

the day of the act, event, or default from which the designated period of time begins to run shall not be included.... When the period of time prescribed or allowed ... is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.

Utah R. Civ. P. 6(a).

We further h[e]ld that if the district court finds the motion to be without merit, it may enter an order denying the motion, and the parties may appeal from that order. If, however, the trial court is inclined to grant the motion, counsel should obtain a brief memorandum to that effect from the trial court, and request an order of remand from the appellate court so that the trial court can enter an order.

757 P.2d at 880.

■ ¶ 21 Thus, the court in *White* acknowledged that although it generally adheres to the rule that a pending appeal divests the trial court of its jurisdiction, it adopted the *Baker* rule as an exception to this general rule. *See* 795 P.2d at 650. Accordingly, trial courts do have jurisdiction to consider rule 60(b) motions even though an appeal is pending.

¶ 22 As set forth in *White, see id.*, and *Baker, see* 757 P.2d at 880, the proper procedure for considering a rule 60(b) motion during the pendency of an appeal is threefold. First, as long as the trial court's adjudication of the rule 60(b) motion does not impact the legal issues raised on appeal, the trial court should consider the motion and, if appropriate, "deny it without interference from [the appellate courts]." *White*, 795 P.2d at 650. Second, if the trial court does grant such a motion, "the trial court ... need only advise this court that the judgment has been modified. [And t]he district court action granting or denying the motion ... should be included in the record when it is prepared for review by [the appellate court]." *Id.* Third, if the rule 60(b) motion does in fact impact the legal issues being considered on appeal, and the trial court is inclined to grant the motion,

"counsel should obtain a brief memorandum to that effect from the trial court, and request an order of remand from the appellate court so that the trial court can enter an order." *Baker*, 757 P.2d at 880.

■ ¶ 23 Given the rule established in *White*, we reject the Crawfords' contention that the trial court would have lacked jurisdiction to consider their rule 60(b) motion had they brought it after the appeal was filed. Further, because the trial court is not divested of its jurisdiction to consider such motions, the filing of an appeal does not toll the time for filing a rule 60(b) motion.[14]

¶ 24 Decisions by our fellow federal and state courts support such a conclusion. For example, in the recent case of *Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084 (10th Cir.2005), the plaintiff sought to vacate a previous judgment under federal rule 60(b)[15] three years after the district court entered judgment. *See id.* at 1086. In upholding the trial court's determination that plaintiff's motion was untimely under the rule, the court specifically held that "the pendency of an appeal [does not] toll the [rule's] one-year period." *Id.* at 1089;[16] *see also King v. First Am. Investigations, Inc.*, 287 F.3d 91, 94 (2d Cir.2002) (per curiam) (explaining that plaintiff's assertion that "an appeal of the judgment tolls the one year period for filing a [r]ule 60(b) motion" was a "contrary" statement of the actual rule); *Berwick Grain Co. v. Illinois Dep't of Agric.*, 189 F.3d 556, 559 (7th Cir.1999) ("[I]t is clear that after a year a district court loses jurisdiction to grant a [r]ule 60(b)(1) motion, and that the time continues to run even while an appeal is pending." (citations omitted));[17] 12 James Wm. Moore et al., *Moore's Federal Practice*

**14.** This court has noted in dicta that " 'the time for making the [rule 60(b)] motion continues to run while the case is pending on appeal.' " *Baker v. Western Sur. Co.*, 757 P.2d 878, 880 (Utah Ct.App.1988) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2873 (1st ed.1973)).

**15.** Unlike rule 60(b) of the Utah Rules of Civil Procedure, *see* Utah R. Civ. P. 60(b), rule 60(b) of the Federal Rules of Civil Procedure permits motions for relief from judgment for mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, or misconduct to be made up to "one year after the

judgment, order, or proceeding was entered or taken." Fed.R.Civ.P. 60(b).

**16.** Also holding that "[b]y its terms, the ... time limit in [r]ule 60(b) runs from the date the judgment was 'entered' in the district court; it does not run from the date of an appellate decision reviewing that judgment." *Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1088–89 (10th Cir.2005).

**17.** *Accord Federal Land Bank of St. Louis v. Cupples Bros.*, 889 F.2d 764, 766–67 (8th Cir.1989); *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir.1989); *Hancock Indus. v. Schaeffer*, 811 F.2d

§ 60.65[2][d] (3d ed. 2005) ("[V]irtually all courts agree that a pending appeal does not toll the running of the one-year period for making a [r]ule 60(b)(1),(2), or (3) motion.").

¶ 25 Likewise, there are state courts that, in considering whether an appeal tolls a motion under their state's equivalent to federal rule 60, have determined that the "[time] period for filing a [r]ule 60(b) motion is not tolled by the taking of an appeal from the original judgment." *Talbert v. Mauney,* 80 N.C.App. 477, 343 S.E.2d 5, 7 (1986); *see also In re Schiavo,* 792 So.2d 551, 558 (Fla. Dist.Ct.App.2001) (noting that the " 'filing of an appeal . . . does not toll the one year limitation in which a motion to vacate a judgment must be filed' " (citation omitted)).

¶ 26 In short, we conclude the Crawfords' Motion for Leave to Amend was untimely under the Utah Rules of Civil Procedure. *See* Utah R. Civ. P. 59, 60. As a result, the trial court lacked jurisdiction to grant the Crawfords' Motion for Leave to Amend. Accordingly, we reverse the trial court's grant of the Crawfords' Motion for Leave to Amend and vacate the judgment entered as a result of that amendment.[18]

### CONCLUSION

¶ 27 In summary, because the Crawfords' Motion for Leave to Amend was untimely under rules 59 and 60 of the Utah Rules of Civil Procedure, we hold the trial court was without jurisdiction to grant the Crawfords' Motion for Leave to Amend and thus lacked the authority to enter judgment based on the Crawfords' amended counterclaim. We therefore reverse and vacate the judgment entered in favor of the Crawfords.

¶ 28 WE CONCUR: PAMELA T. GREENWOOD, Associate Presiding Judge, and CAROLYN B. McHUGH, Judge.

225, 239 (3d Cir.1987); *Transit Cas. Co. v. Security Trust Co.,* 441 F.2d 788, 790–91 (5th Cir. 1971).

18. We note that the Crawfords' contention that they could not file their claim for breach of contract and damages until the court found their

permit to be valid makes little sense. The Crawfords could have filed their claim as part of their original complaint and simply requested that the trial court bifurcate the proceedings. Such action would have eliminated the present procedural morass.