2011 UT App 320

**Mark KAPPOS and Mala Kappos, Plaintiffs and Appellants,**

v.

**STATE of Utah, DEPARTMENT OF TRANSPORTATION, Defendant and Appellee.**

**No. 20100365–CA.**

Court of Appeals of Utah.

Sept. 22, 2011.

M. Darin Hammond, Ogden, for Appellants.

Mark L. Shurtleff and Nancy L. Kemp, Salt Lake City, for Appellee.

Before Judges DAVIS, THORNE, and ROTH.

## MEMORANDUM DECISION

ROTH, Judge:

¶ 1 Plaintiffs Mark Kappos and Mala Kappos appeal the district court's dismissal of their claims against Defendant, the Utah Department of Transportation (UDOT). We affirm.

¶ 2 In 1974, UDOT was awarded a judgment of condemnation (the condemnation order) that gave it title to several parcels of property owned by Edwin Higley. Most of the condemned property was located in Davis County, but a few parcels were located in Weber County. Although UDOT promptly recorded the condemnation order in Davis County, it did not record in Weber County. Many years after UDOT had obtained the condemnation order, Higley conveyed by quitclaim deed several parcels of the condemned property located in Weber County to Ed Green, who recorded his deed in 2000. In 2001 and 2002, Green transferred by quitclaim deed a portion of those properties—the property at issue here—to the Kapposes (the Kappos property). By 2002, the Kapposes had recorded their deed in Weber County. UDOT finally recorded the condemnation order in Weber County in 2003. The Kapposes listed their property for sale and found a buyer in 2007. UDOT, however, had filed a notice of interest on the Kappos property in 2006, which resulted in the Kapposes being unable to close the sale.

¶ 3 The Kapposes filed suit against UDOT, seeking to quiet title to their property and alleging that UDOT's notice of interest constituted a wrongful lien under the wrongful lien statute, see Utah Code Ann. § 38–9–1(6) (2005) (defining a wrongful lien) (current version at id. (2010)); id. § 38–9–4 (2005) (establishing civil liability and damages for the filing of a wrongful lien) (current version at id. (2010)). The Kapposes further requested damages arising out of their inability to sell their property before market values "drastically" decreased. The Kapposes supported their claims by arguing that whatever interest in the Kappos property UDOT had obtained by virtue of the condemnation order had been lost due to the recording of intervening deeds by bona fide purchasers for value—namely Green and the Kapposes themselves. See generally Utah Code Ann. § 57–3–103 (2010) ("Each document not recorded as provided in this title is void as against any subsequent purchaser of the same real property ... if[ ] the subsequent purchaser purchased the property in good faith and for a valuable consideration[ ] and the subsequent purchaser's document is first duly recorded."). Thus, according to the Kapposes, because their "title to the property was superior to UDOT's under the legal concept of bona fide purchaser for value," see id., not only had UDOT lost any interest it may have had in the Kappos property but its notice of interest also constituted a wrongful lien because UDOT no longer had any interest in the Kappos property at the time the notice of interest was filed.

¶ 4 On UDOT's motion, the district court dismissed the Kapposes' wrongful lien claims on the basis that they had "fail[ed] to state a claim for which relief can be granted." See Utah R. Civ. P. 12(b)(6) (providing a defense for "failure to state a claim upon which relief can be granted"). In dismissing the Kapposes' claims under the wrongful lien statute, the court concluded that UDOT's notice of interest did not constitute either a "lien" or an "encumbrance" under the statute. (Citing Hancock v. Planned Dev. Corp., 791 P.2d 183, 186 (Utah 1990) (providing that an encumbrance is "any interest in a third person consistent with a title in fee in the grantee, if such outstanding interest injuriously affects the value of the property" (emphasis omitted)); Black's Law Dictionary 941 (7th ed.2004) (defining a lien as "a legal right or interest that a creditor has in another's property lasting usually until a debt or duty that it secures is satisfied").) See also Utah Code Ann. § 38–9–1(6) (providing that a "wrongful lien" is "any document that purports to create a lien or encumbrance"). Alternatively,

the district court concluded that even if the notice of interest were a lien or encumbrance, it was not wrongful at the time it was recorded because although "the [Kapposes] may eventually be able to prove that they are bona fide purchasers for value, they had not done so when UDOT filed its" notice of interest. *See generally* Utah Code Ann. § 38–9–1(6) (providing that a lien or encumbrance is only wrongful if it is not authorized by order or statute "at the time it is recorded"); *Eldridge v. Farnsworth,* 2007 UT App 243, ¶¶ 49–50, 166 P.3d 639 (rejecting the argument that a document "may amount to a wrongful lien if the claims in the complaint are later determined to be without merit" and instead concluding that "whether a lien is wrongful [is determined] by evaluating it 'at the time it is recorded or filed'" (quoting Utah Code Ann. § 38–9–1(6))). The district court further concluded that the Kapposes were not entitled to damages as part of their quiet title action, concluding that "a plaintiff may not receive monetary damages for a traditional quiet title action" but must instead "plead and prove an additional cause of action which authorizes damages as a remedy." Thus, according to the district court, the only means by which the Kapposes could recover damages was to be successful in asserting their wrongful lien claims; but with the Kapposes' wrongful lien claims dismissed and only their quiet title claims remaining, the Kapposes no longer had any basis to recover damages. Subsequently, UDOT voluntarily released its notice of interest, and the district court dismissed the Kapposes' quiet title claims as moot, reiterating its previous conclusion that the Kapposes could not recover damages in a quiet title action. The Kapposes appeal.

■ ¶ 5 As a threshold matter, UDOT argues that the Kapposes' appeal is not timely and should be dismissed for lack of jurisdiction. *See generally Reisbeck v. HCA Health Servs. of Utah, Inc.,* 2000 UT 48, ¶ 5, 2 P.3d 447 ("Failure to file a timely notice of appeal [pursuant to rule 4 of the Utah Rules of Appellate Procedure] deprives this court of jurisdiction over the appeal."). After the district court issued its final order in this case, the Kapposes filed a motion purporting to request relief under rule 59(e) of the Utah

Rules of Civil Procedure. *See* Utah R. Civ. P. 59(e) (permitting the filing of "[a] motion to alter or amend the judgment"). The district court denied the Kapposes' motion, and they appealed within thirty days of the denial but more than thirty days after the court's final order of dismissal. The Kapposes assert that their rule 59(e) motion tolled the running of the time to appeal the order of dismissal. *See generally* Utah R.App. P. 4(a) ("In a case in which an appeal is permitted as a matter of right from the trial court to the appellate court, the notice of appeal ... shall be filed ... within 30 days after the date of entry of the judgment or order appealed from."); *id.* R. 4(b)(1)(D) ("If a party timely files in the trial court [a motion under rule 59(e) of the Utah Rules of Civil Procedure], the time for all parties to appeal from the judgment runs from the entry of the order disposing of the motion."). UDOT, on the other hand, argues that although captioned as a rule 59(e) motion, the Kapposes' motion was really a request to amend their complaint—an objective that UDOT asserts is not permissible after the entry of a final judgment. *See generally Nichols v. State,* 554 P.2d 231, 232 (Utah 1976) ("[A]n order of dismissal is a final adjudication, and thereafter, a plaintiff may not file an amended complaint. [Rather, a]fter an order of dismissal, the plaintiff must move under [r]ule[ ] 59(e) ... to reopen the judgment." (citing *Steiner v. State,* 27 Utah 2d 284, 495 P.2d 809 (1972))). *But see generally National Adver. Co. v. Murray City Corp.,* 2006 UT App 75, ¶ 15, 131 P.3d 872 ("[C]ourts have the *discretionary* power to treat ... [a] motion ... to amend a complaint as including a [r]ule 59(e) motion to amend judgment.... However, when [a party] files a motion for leave to amend alone, the court is not *obligated* to construe it as a simultaneous request for relief under [r]ule[ ] 59...." (first through fourth alterations in original) (first and second omission in original) (citation and internal quotation marks omitted)). UDOT argues that "[b]ecause the substance of [the Kapposes'] motion ... is not contemplated by [r]ule 59(e) ..., the decision denying th[at] motion cannot serve as the trigger for a notice of appeal." Thus, according to

UDOT, because the Kapposes' appeal was not filed within thirty days of the district court's final judgment, their appeal is not timely and should be dismissed for lack of jurisdiction.

¶ 6 A fair reading of the Kapposes' motion, however, persuades us that they made an appropriate rule 59(e) motion to alter or amend judgment. In their motion, the Kapposes refer to the district court's previous decision to dismiss from their complaint without prejudice certain constitutional claims. They then request that the court "alter or amend its previous ruling" by "reinstat[ing] their] constitutional claims." Although the Kapposes' motion also requests to "amend their complaint," it does not appear that the "amendment" sought is anything other than to reinstate their constitutional claims, which would necessarily require the district court to alter or amend its previous decision dismissing those claims. Because the Kapposes' motion requested that the district court reconsider or amend its decision to dismiss those claims, we conclude that they filed an appropriate rule 59(e) motion and their appeal therefrom is timely.

■ ¶ 7 We now turn to the Kapposes' arguments raised on appeal. The Kapposes first argue that the district court should have granted their rule 59(e) motion to reinstate their constitutional claims. The Kapposes argued to the district court that because the court's dismissal of their constitutional claims had been without prejudice, it should reinstate those claims for purposes of judicial economy, explaining that they "prefer[red] to litigate th[eir constitutional] claim[s] within the context of this case because this [c]ourt is already familiar with the facts and because a resolution can likely be achieved quicker." The Kapposes also explained that they "will likely appeal the underlying rulings in this case and would rather have them all together rather than some on appeal and the constitutional [claims] litigated separately." The Kapposes, however, recognized that "it is entirely within the [c]ourt's discretion as to whether or not [it] wants to reinstate [their] constitutional ... claim[s]." *See, e.g., Welsh*

*v. Hospital Corp. of Utah,* 2010 UT App 171, ¶ 9, 235 P.3d 791 ("Trial courts have broad discretion in managing the cases assigned to their courts." (internal quotation marks omitted)). Although their reasons for wanting the district court to reinstate their constitutional claims are not facially unreasonable, the Kapposes have provided no analysis or legal authority explaining why it was an abuse of discretion for the district court to deny their rule 59(e) motion. *See generally Allen v. Friel,* 2008 UT 56, ¶¶ 10, 9, 194 P.3d 903 ("[An appellant] must ... point out the perceived errors of the lower court" and must also provide "reasoned analysis based on ... authority."). We therefore have no basis for reversing the district court's decision denying the Kapposes' rule 59(e) motion.[1]

■ ¶ 8 The Kapposes next argue that the district court erred in concluding that UDOT's notice of interest did not constitute a lien or encumbrance subject to the wrongful lien statute, and further argue that the district court erred in concluding that the notice of interest was not wrongful at the time it was filed. *See generally St. Benedict's Dev. Co. v. St. Benedict's Hosp.,* 811 P.2d 194, 196 (Utah 1991) ("[A] 12(b)(6) dismissal is a question of law, [which] we ... review ... under a correctness standard."). We agree with the district court, however, that even if the notice of interest was a lien or encumbrance, the Kapposes have failed to prove that it was wrongful.

¶ 9 At the time the Kapposes brought their claims against UDOT, a "wrongful lien" was defined by statute as "any document that purports to create a lien or encumbrance on an owner's interest in certain real property and at the time it is recorded ... is not[ ] expressly authorized by ... state ... statute[or is not] authorized by ... an order or judgment of a court of competent jurisdiction in the state." Utah Code Ann. § 38-9-1(6)(a)–(b) (2005) (current version at *id.* (2010)). The Kapposes concede that UDOT's recording of the condemnation order was not wrongful but argue that "[w]hile it may have

---

1. The Kapposes do not otherwise challenge the district court's dismissal of their constitutional claims, thus the substance of those claims and their dismissal are not issues before us.

been appropriate to record the [c]ondemnation [o]rder, it was completely illegal for UDOT to [file] the notice of interest because" the notice of interest was not "expressly authorized by any statute" and was not "authorized or contained in an order or judgment of a court of ... competent jurisdiction." However, UDOT's notice of interest "assert[s] ... an interest in" the Kappos property "pursuant to [the condemnation order]," which explicitly provides "that the [described property is] hereby taken and condemned in fee simple title ... for the use of ... the State of Utah, for highway purposes" which is "a public use and a use authorized by law." The Kapposes fail to satisfactorily explain how the notice of interest can be wrongful when it does little more than reference the condemnation order that they concede was appropriately recorded—especially where Utah law expressly authorizes the filing of a notice of interest as UDOT did here. *See* Utah Code Ann. § 57–9–4 (2010) ("Any person claiming an interest in land may preserve and keep effective such interest by filing [a notice of interest]."). Thus, UDOT's filing of the notice of interest based on the condemnation order is authorized by statute. *See* Utah Code Ann. § 38–9–1(6)(a) (providing that a lien is not wrongful if it is "expressly authorized by ... state ... statute"). Because UDOT's filing of the notice of interest based on the condemnation order is authorized by statute and does nothing more than reference the lawfully-recorded condemnation order, the district court's conclusion that the notice of interest did not fall within the scope of the wrongful lien statute is not error.

¶ 10 The Kapposes' remaining issues raised on appeal concern whether they are entitled to damages. Because the district court correctly concluded that UDOT's notice of interest did not create a wrongful lien, the Kapposes cannot recover damages under the wrongful lien statute. The Kapposes also appear to argue that they are entitled to recover damages in connection with their quiet title claim. The Kapposes, however, have failed to analyze or even address the district court's legal conclusion that monetary damages are not recoverable in quiet title actions. We therefore do not address this issue further. *See generally Allen*, 2008 UT 56, ¶ 7, 194 P.3d 903 ("If an appellant fails to allege specific errors of the lower court, the appellate court will not seek out errors in the lower court's decision.").

¶ 11 Accordingly, we affirm.

¶ 12 WE CONCUR: JAMES Z. DAVIS, Presiding Judge and WILLIAM A. THORNE JR., Judge.