2013 UT App 143

## THE UTAH COURT OF APPEALS

HEATHER M. JENSEN,
Petitioner and Appellee,

*v.*

JARED J. JENSEN,
Respondent and Appellant.

Per Curiam Decision
No. 20130317-CA
Filed June 6, 2013

Sixth District, Richfield Department
The Honorable Wallace A. Lee
No. 084600026

Douglas L. Neeley, Attorney for Appellant
Trent T. Seegmiller, Attorney for Appellee

Before JUDGES DAVIS, THORNE, and VOROS.

PER CURIAM:

¶1     Jared J. Jensen appeals from the trial court's order granting Heather M. Jensen's motion to modify child support, entered on February 25, 2013. This appeal is before the court on its own motion for summary disposition based on the lack of a substantial question for review. In his response to the motion, Mr. Jensen has failed to identify a substantial issue warranting further proceedings by this court.

¶2     Mr. Jensen asserts that the trial court erred in granting the motion to modify child support. However, he did not oppose the motion in the trial court. He filed no timely response in the trial court and the order was entered by default. To preserve an issue for appeal, the issue must first be raised in the trial court in such a way that the trial court has an opportunity to rule on the issue. *438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801. By failing to respond to the motion, Mr. Jensen failed to give the trial court

the opportunity to rule on any issue regarding the motion to modify.[1] Accordingly, there is no issue preserved for appeal regarding the order granting the motion to modify child support.

---

1. An issue may have been preserved by Mr. Jensen's motion to strike the motion to modify child support. An appeal of a final judgment may include challenges to interlocutory orders even if such orders are not specified in the notice of appeal. *See U.P.C., Inc. v. R.O.A. Gen.*, 1999 UT App 303, ¶ 13, 990 P.2d 945. However, at some point the specific order and issue must be identified to permit an appellate court to review the issue. "Pinpointing where and how the trial court allegedly erred is the appellant's burden." *GDE Constr. Inc. v. Leavitt*, 2012 UT App 298, ¶ 24, 294 P.3d 567. Mr. Jensen did not specify the motion to strike as the subject of appeal in either his docketing statement or in his response to this court's motion.

Even if the issue raised in Mr. Jensen's motion to strike was properly preserved, it is without merit. Mr. Jensen asserted that the court improperly permitted Mrs. Jensen to proceed by a motion to modify child support because there was no controlling child support order in place. This premise is incorrect. A child support order is a judgment, decree, or order which establishes or modifies child support. Utah Code Ann. § 78B-12-102(9) (LexisNexis 2012). The divorce decree established a child support amount of zero. That initial order established the baseline child support at that time. The "order clearly addressed child support and is therefore properly considered a child support order." *Doyle v. Doyle*, 2009 UT App 306, ¶ 26, 221 P.3d 888, *aff'd*, 2011 UT 42, 258 P.3d 553.

With a child support order in place that had not been modified within the last three years, Mrs. Jensen could proceed to seek a modification by motion rather than by a petition. *See* Utah Code Ann. § 78B-12-210(8) (LexisNexis 2012). The motion has a different required showing than the petition. *See id.* § 78B-12-210(8), (9). However, it is noteworthy that both the motion to modify and the petition to modify are premised on a prior child support order being in place. *See id.* Thus, Mr. Jensen's argument that the petition should have been required because there was no prior order is based on a logical fallacy.

¶3     Mr. Jensen also asserts that the trial court abused its discretion when it declined to consider his untimely response to the motion, which was filed eleven days after the order was entered. This issue is not properly before this court for two reasons. First, Mr. Jensen appealed the order granting the motion to modify child support entered on February 25, 2013. That is the only order identified in the notice of appeal. A notice of appeal must designate the order or judgment appealed. "This requirement is jurisdictional because the object of a notice of appeal is to advise the opposite party that an appeal has been taken from a specific judgment in a particular case." *In re B.B.*, 2002 UT App 82, ¶ 9, 45 P.3d 527. The trial court's memorandum decision and order denying Mr. Jensen's postjudgment objection and his untimely notice to submit was entered on March 25, 2013, after the entry of the final appealable order, and is not identified as an order on appeal in the notice of appeal. Accordingly, the order is not within the scope of this appeal.

¶4     Second, although Mr. Jensen asserts that the trial court should have sua sponte ordered a new trial pursuant to rule 59 of the Utah Rules of Civil Procedure after considering his response, such an action was barred under the time constraints of rule 59. A court may exercise its discretion under rule 59(d) only within ten days after the entry of the final judgment. Utah R. Civ. P. 59(d). Mr. Jensen did not file his response until March 8, and did not file his notice to submit until March 18. The time for the trial court to entertain a rule 59 motion had passed. Accordingly, the trial court had no discretion to consider ordering a new trial under rule 59. *See id.*

¶5     Mr. Jensen's response to this court's motion did not identify a substantial issue for review but rather argued that this court should consider the pending motion to set aside as a motion for new trial under rule 59. However, the motion was filed more than ten days after the entry of the final order, and thus is untimely as a rule 59 motion. *See id.* R. 59(b). Furthermore, it is the party's obligation to identify whether and what type of relief may be available under the rules. *Gillett v. Price*, 2006 UT 24, ¶ 8, 135 P.3d 861. "[T]he rules provide the source of available relief." *Id.*

"Accordingly, the form of a motion does matter because it directs the court and litigants to the specific, and available, relief sought." *Id.*

¶6      In sum, Mr. Jensen has failed to identify a substantial issue for review warranting further proceedings by this court. The trial court's order granting the motion to modify child support is affirmed.[2]

————————

2. Mr. Jensen previously requested a remand to the trial court for the purpose of obtaining a ruling on his motion to set aside the judgment, which was denied. Trial courts retain jurisdiction to rule on motions filed pursuant to rule 60(b) of the Utah Rules of Civil Procedure pending appeal. *Baker v. Western Sur. Co.*, 757 P.2d 878, 880 (Utah Ct. App. 1988). An order denying relief under rule 60(b) is a separate appealable order. *Amica Mut. Ins. Co. v. Schettler*, 768 P.2d 950, 970 (Utah Ct. App. 1989).