**STATE of Utah, Plaintiff and Appellee,**

v.

**Carlos R. SAMPSON, Defendant
and Appellant.**

**No. 890327–CA.**

Court of Appeals of Utah.

Feb. 12, 1991.

Andrew A. Valdez, Elizabeth A. Bowman (argued) and Richard G. Uday (argued), Salt Lake Legal Defender Ass'n, Salt Lake City, for defendant and appellant.

R. Paul Van Dam, State Atty. Gen. and Charlene Barlow, Asst. Atty. Gen. (argued), for plaintiff and appellee.

Before ORME, GARFF and BENCH, JJ. (On Law and Motion).

## MEMORANDUM DECISION

### PER CURIAM.

This case is before the court on appellant Carlos R. Sampson's motion for certificate of probable cause.

Sampson appealed from his conviction for Criminal Homicide, Murder in the Second Degree, following a jury trial. In an opinion dated September 11, 1990, a panel of this court reversed the conviction and remanded for further proceedings in the trial court. *State v. Sampson*, 808 P.2d 1102 (Ct.App.1990). The State was granted a stay of the remittitur and an extension of time to file a petition for rehearing. The petition is now pending in this court.

After issuance of this court's initial opinion, Sampson filed a motion for a certificate of probable cause in the trial court, seeking his release from custody pending further proceedings on appeal. The district court heard the motion in early December 1990. At the hearing, counsel for the State argued that the district court was without jurisdiction to hear the motion because a remittitur had not issued from the Court of Appeals. The district court denied the motion, indicating it was without jurisdiction to consider its merits. Prior to the execution of the written order of the district court, however, the State conceded that the district court did have jurisdiction to determine the motion and moved the court to rule on the merits of the motion. Nonetheless, the district court signed the order denying the motion for lack of jurisdiction, and appellant now moves this court for an order granting the certificate of probable cause. The State, in contrast, urges this court to limit its order to the jurisdictional issue and remand for a determination on the merits by the district court.

We hold that the district court's ruling that it lacked jurisdiction to consider the merits of the motion for certificate of probable cause is erroneous. Notwithstanding the general rule that a timely notice of appeal divests the trial court of further jurisdiction over a matter, Utah R.Crim.P. 27 and Utah Code Ann. §§ 77–20–1, –10 (1990) provide that an application for release during the pendency of an appeal shall be first made to the trial court. Accordingly, the trial court's jurisdictional ruling was erroneous.

Having concluded that the trial court's denial of the motion on jurisdictional grounds was erroneous, we must decide whether this court should nonetheless decide the merits of the motion, as authorized in Utah R.Crim.P. 27, or whether we should remand to the trial court for that purpose.

We believe remand is appropriate for two reasons. First, the policy of Utah R.Crim.P. 27, namely that trial courts have the initial opportunity to consider motions for release pending appeal, has not been fully served in this case where the trial court erroneously decided the matter on jurisdictional grounds. In short, we be-

lieve our consideration of the merits of the motion, if necessary, should follow the trial court's consideration on the merits. Consideration on the merits should not occur for the first time at the appellate level.

Second, we note that Utah Code Ann. § 77–20–10(1)(c) requires, as part of the showing that must be made to obtain release pending appeal, that appellant demonstrate "by clear and convincing evidence presented by the defendant that he is not likely to flee the jurisdiction of the court, and will not pose a danger to the physical, psychological, or financial and economic safety or well-being of any other person or the community if released."[1] Such evidence is, of course, better developed in a trial court setting than before an appellate tribunal.

The trial court's order is vacated and the matter remanded for consideration on the merits.

All concur.

---

1. Such a requirement goes beyond what is required to obtain a certificate of probable cause under Utah R.Crim.P. 27. We have no occasion, in this appeal, to consider the apparent discrepancy between the two provisions.