2014 UT App 72

**Heather Marie THOMAS, Petitioner and Appellee,**

v.

**Scott Steven THOMAS, Respondent and Appellant.**

**No. 20131059–CA.**

Court of Appeals of Utah.

March 27, 2014.

Theodore R. Weckel, Salt Lake City, for Appellant.

Kellie F. Williams, Salt Lake City, for Appellee.

Before Judges JAMES Z. DAVIS, J. FREDERIC VOROS JR., and JOHN A. PEARCE.

Decision

PER CURIAM:

¶ 1 Scott S. Thomas appeals the district court's October 8, 2013 order denying his rule 60(b)(1) motion. We affirm.

¶ 2 A ruling on a rule 60(b) motion constitutes a separate, appealable order. *See Amica Mut. Ins. Co. v. Schettler,* 768 P.2d 950, 970 (Utah Ct.App.1989). The filing of a rule 60(b) motion does not toll the time to appeal issues from the underlying judgment. *See* Utah R.App. P. 4(b). The district court is afforded broad discretion in ruling on a motion for relief from judgment under rule 60(b). *See Birch v. Birch,* 771 P.2d 1114, 1117 (Utah Ct.App.1989). The district court's decision on a rule 60(b) motion will not be disturbed absent a showing that the court abused its discretion. *See id.* An appeal from a rule 60(b) motion is narrow in scope and addresses only the propriety of the denial or grant of relief from judgment, lest rule 60(b) motions become substitutes for untimely appeals. *See Franklin Covey Client Sales, Inc. v. Melvin,* 2000 UT App 110, ¶ 19, 2 P.3d 451. A rule 60(b) motion does not generally reach the merits of the underlying judgment from which relief was sought or provide a basis for this court to review the legal issues previously adjudicated by the district court. *See id.* ¶ 23.

¶ 3 Thomas's rule 60(b)(1) motion asserted that the district court's ruling was based on mistakes of law. On October 8, 2013, the district court denied Thomas's rule 60(b)(1) motion. On November 7, 2013, Thomas

timely filed his notice of appeal from the October 8, 2013 order.[1] Thomas's appeal seeks to challenge the district court's purported mistakes of law. However, an appeal or a motion for a new trial, rather than a rule 60(b) motion, is the proper avenue to address alleged mistakes of law committed by the district court. *See id.* ¶¶ 21–22. Mistakes of law are excluded from the narrow realm of "mistakes" recognized under rule 60(b)(1), typically "minor oversights, such as the omission of damages, which in most cases would be obvious." *Fisher v. Bybee,* 2004 UT 92, ¶ 11, 104 P.3d 1198.

¶ 4 Thomas's appeal improperly exceeds the scope of rule 60(b)(1). *See id.* Thus, the district court did not abuse its discretion by denying the rule 60(b)(1) motion.

¶ 5 Accordingly, the district court's October 8, 2013 order is affirmed. Appellee's request for attorney fees incurred on appeal is denied.

---

1. The notice of appeal sought review of the October 8, 2013 order denying the rule 60(b)(1) motion. We lack jurisdiction to consider issues addressed in the October 4, 2013 ruling. *See* Utah R.App. P. 4(a).