AMENDED OPINION*

*This opinion is subject to revision before final Publication in the Pacific Reporter*

**2015 UT 39**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

DAVID and KATHERYN GARVER,
*Appellants*,

*v.*

THOMAS ROSENBERG, M.D., et. al.,
*Appellees.*

No. 20140197
Filed February 24, 2015

Third District, Salt Lake
The Honorable Denise P. Lindberg
No. 070901824

Attorneys:

Clark Newhall, Salt Lake City, for appellants

Carolyn Stevens Jensen, Jesse A. Frederick, Salt Lake City,
for appellees

CHIEF JUSTICE DURRANT authored the opinion of the Court, in which
ASSOCIATE CHIEF JUSTICE NEHRING, JUSTICE DURHAM,
JUSTICE PARRISH, and JUSTICE LEE joined.

CHIEF JUSTICE DURRANT, opinion of the Court:

## Introduction

¶1 This matter comes before the court on an appeal following the district court's entry of an order purporting to reissue a judgment pursuant to rule 60(b) of the Utah Rules of Civil Procedure. We conclude that the district court erred in reissuing the judgment and that we lack jurisdiction to address the underlying merits of the appeal.

* The court has rewritten paragraphs 2, 3, and 14.

## Background

¶2    David and Katheryn Garver filed a medical malpractice action against Dr. Thomas Rosenberg and several other medical providers. The claims brought by David Garver were referred to arbitration. The claims brought by Katheryn Garver were stayed pending the outcome of the arbitration proceedings. The Garvers filed an appeal in this court shortly after the arbitration panel issued its decision but before the district court issued a judgment conforming to the arbitration award. According to the district court's subsequent observation, the Garvers' counsel nonetheless "continued filing motions in the case, and those matters were fully briefed and addressed by the court without [any party asserting] that the court lacked jurisdiction."

¶3    On March 15, 2013, the district court concluded that the arbitration award had "conclusively determined" Mr. Garver's medical malpractice claim "against him." And the court also dismissed Mrs. Garver's remaining claims. That judgment resolved all claims as to all parties. We subsequently dismissed as premature the appeal that had preceded the March 15 judgment. The Garvers failed to file a separate timely appeal of the March 15 judgment.

¶4    On May 21, 2013, more than sixty days after entry of the March 15 judgment, the Garvers filed a motion pursuant to rule 60(b) of the Utah Rules of Civil Procedure. That motion presumed that the district court had been divested of jurisdiction by the Garvers' premature notice of appeal and that it lacked jurisdiction to enter the March 15 judgment. The district court agreed with those contentions and purported to reissue the judgment. In so doing, it purported to "amend" the judgment, but it did not grant any affirmative relief other than reissuance of the original judgment, and it did not substantively alter the original decision.

¶5    The Garvers then filed another notice of appeal. We agreed to retain the case but also noted that our appellate jurisdiction may be limited to reviewing the district court's order purporting to amend and reissue the judgment dismissing the case. We requested that the parties file supplemental briefing addressing the question of "whether a premature notice of appeal divests a district court of jurisdiction to enter subsequent rulings on the merits of the case before it." We have jurisdiction pursuant to Utah Code section 78A-3-102(3)(j).

**Standard of Review**

¶6    "Whether a trial court has subject matter jurisdiction [is] a question of law, which this Court reviews under a correction of error standard. . . ."[1]

**Analysis**

¶7    As discussed below, the Garvers' premature appeal did not divest the district court of jurisdiction to enter its March 15 judgment. Accordingly, the Garvers' deadline for filing a notice of appeal expired thirty days later, and it was error for the district court to rule otherwise. Our rules of civil and appellate procedure provide a set of mandatory, and jurisdictional, prerequisites that must be met before jurisdiction transfers from the district court to the appellate court. Where a party fails to comply with the rules, jurisdiction remains with the district court.

¶8    We begin by emphasizing, as we have done in a number of recent decisions, that parties "may appeal only from a final, appealable order"[2] issued in accordance with rule 7(f)(2) of the Utah Rules of Civil Procedure,[3] unless an exception to the rule applies.[4]

---

[1] *J.M.W. v. T.I.Z. (In re Adoption of Baby E.Z.)*, 2011 UT 38, ¶ 10, 266 P.3d 702 (second alteration in original) (internal quotation marks omitted).

[2] *Cent. Utah Water Conservancy Dist. v. King*, 2013 UT 13, ¶ 9, 297 P.3d 619; *see also* UTAH R. APP. P. 3(a) ("An appeal may be taken from a district or juvenile court to the appellate court with jurisdiction over the appeal from all *final orders and judgments* . . . ." (emphasis added)).

[3] UTAH R. CIV. P. 7(f)(2) ("Unless the court approves the proposed order submitted with an initial memorandum, or unless otherwise directed by the court, the prevailing party shall, within 21 days after the court's decision, serve upon the other parties a proposed order in conformity with the court's decision.").

[4] *See Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649 ("An appeal is improper if it is taken from an order or judgment that is not final, unless it fits within an exception to the final judgment rule." (citation omitted)); *A.J. Mackay Co. v. Okland Constr. Co.*, 817 P.2d 323, 325 (Utah 1991) ("[T]here are exceptions to the final judgment rule when the order in question is eligible for certification under Utah Rule of Civil Procedure 54(b) and has been properly certified or when we have given permission in advance to the parties to take an appeal

(continued)

This "rule is a mandatory prerequisite to appellate jurisdiction," and "[c]ompliance with rule 7(f)(2) is not discretionary. The rule must be satisfied before a district court's decision is considered final and appealable."[5] If "the final judgment rule is not satisfied, we lack jurisdiction over the appeal and must dismiss it."[6] As we stated in *Powell v. Cannon*, where an arbitration panel's decision is at issue, the decision is not final and appealable "[u]ntil the district court enters judgment on the arbitration award."[7] This is because, by statute, "[a]n agreement to arbitrate providing for arbitration in this state confers exclusive jurisdiction on the court to enter judgment on an award under this chapter."[8]

¶9 Rule 4 of the Utah Rules of Appellate Procedure also imposes strict jurisdictional limitations on the exercise of the right to appeal. Once a final judgment on the merits is entered in a civil case, parties have only thirty days to file a notice of appeal from the judgment,[9] though the district court may extend this time period under certain circumstances.[10] Although a party may toll this period by filing certain postjudgment motions, filing a motion under

---

from an interlocutory order under Utah Rule of Appellate Procedure 5.").

[5] *King*, 2013 UT 13, ¶¶ 10, 25.

[6] *Powell v. Cannon*, 2008 UT 19, ¶ 12, 179 P.3d 799.

[7] *Id.* ¶ 18.

[8] UTAH CODE § 78B-11-127(2).

[9] UTAH R. APP. P. 4(a) ("In a case in which an appeal is permitted as a matter of right from the trial court to the appellate court, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from.").

[10] *Id.* 4(e) ("The trial court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by paragraphs (a) and (b) of this rule."). Additionally, as of November 1, 2013, an amendment to rule 4 provided district courts with the authority to reinstate the period for the filing of a notice of appeal, provided certain strict requirements specified by the new subparagraph (g) are satisfied.

rule 60(b) of the Utah Rules of Civil Procedure does *not* toll the time period to appeal the judgment.[11]

¶10 Once a notice of appeal is filed, jurisdiction transfers from the district court to the appellate court for most matters in the case.[12] But the notice must be *timely*—an untimely notice may "trigger stern consequences," precluding the appellate court from exercising jurisdiction.[13] To be timely, a notice of appeal cannot be filed too late, but it also cannot be filed too early. At the very earliest, the notice may be filed "after the announcement of a decision, judgment, or order."[14] If it is filed before the court announces its decision, there is no "final order[] [or] judgment[]"[15] to appeal from. At the very latest,

---

[11] *Thomas v. Thomas*, 2014 UT App 72, ¶ 2, 323 P.3d 612 (per curiam); *see also* UTAH R. APP. P. 4(b) (providing an exclusive list of postjudgment motions that toll the time for appeal).

[12] As we recently clarified in *Wisan v. City of Hildale*, district courts retain authority to deny motions under rule 60(b) even after a notice of appeal is filed. 2014 UT 20, ¶ 21, 330 P.3d 76 ("Notwithstanding the filing of a notice of appeal, the district court still had jurisdiction to rule on the 60(b) motion pending before it."). "However, if the district court is inclined to *grant* the motion, the movant must obtain an order of remand from the [appellate] court before an appropriate order or judgment is actually entered." *Baker v. Western Sur. Co.*, 757 P.2d 878, 880 (Utah Ct. App. 1988) (emphasis added).

We also note that if the district court finds a valid basis for relief under rule 60(b), and elects to grant that relief in a manner that alters the original judgment, any such modification may be challenged by a separate appeal. *See White v. State*, 795 P.2d 648, 649–50 (Utah 1990) (per curiam). And, to the extent the underlying judgment is revoked by a ruling on the rule 60(b) motion, any pending appellate challenges to the revoked portion of the judgment may be mooted unless the rule 60(b) ruling is reversed on appeal. *See id.*

District courts retain jurisdiction over other similar post-judgment proceedings, including the issuance of stays pending appeal and orders relating to enforcement of a judgment when a judgment is not stayed pending appeal. *See, e.g., Cheves v. Williams*, 1999 UT 86, ¶¶ 45–49, 993 P.2d 191; *White*, 795 P.2d at 649–50.

[13] *State ex rel. M.M. v. State*, 2003 UT 54, ¶ 3, 82 P.3d 1104.

[14] UTAH R. APP. P. 4(c).

[15] *Id.* 3(a).

the notice of appeal may be filed thirty days from entry of the judgment, unless the time to appeal is extended under rule 4(e).[16] Otherwise, jurisdiction remains with the district court.[17]

¶11 The parties cite to language in several of our previous decisions, including in *Wood v. Turner*, that suggests that any notice of appeal—whether premature or not—still divests district courts of jurisdiction.[18] Several of these opinions predate the current version of our rules of appellate procedure, however, which now clarifies that a notice of appeal must be filed, at the earliest, after the court *announces* its judgment.[19] And none of the cases that the Garvers cite

---

[16] *Supra* ¶ 9.

[17] Federal courts, under a nearly identical federal rule of appellate procedure, have concluded that a premature notice of appeal does not divest the district court of jurisdiction over the case. *Riggs v. Scrivner, Inc.*, 927 F.2d 1146, 1148 (10th Cir. 1991) ("While the filing of a timely notice of appeal divests the district court of jurisdiction, a premature notice of appeal is ineffective to transfer jurisdiction from the district court to the court of appeals." (citation omitted)), *superseded by rule*, FED. R. APP. P. 3(c)(4) (1993), *as recognized in Hehemann v. City of Cincinnati*, 45 F.3d 430 (6th Cir. 1994) (unpublished); *Century Laminating, Ltd. v. Montgomery*, 595 F.2d 563, 567 (10th Cir. 1979) ("An attempt to appeal a non-final decision of a district court remains just that, an attempt. It is a nullity and does not divest the trial court of its jurisdiction.").

A number of Utah cases also reference the importance of a *timely* notice of appeal in connection with their discussion of divestment of jurisdiction. *See, e.g., State v. Bisner*, 2001 UT 99, ¶¶ 29, 39, 37 P.3d 1073 (describing the "timely" filing of notice of appeal as the act that divested a district court of jurisdiction); *State v. Brown*, 856 P.2d 358, 362 (Utah Ct. App. 1993) (noting that "timely notice of appeal generally divests the trial court of further jurisdiction over a matter" (internal quotation marks omitted)); *State v. Sampson*, 806 P.2d 233, 233 (Utah Ct. App. 1991) (per curiam) (same); *cf. Hi-Country Estates Homeowners Ass'n. v. Foothills Water Co.*, 942 P.2d 305, 307 (Utah 1996) (per curiam) (holding premature remittitur could not have the effect of transferring jurisdiction from the court of appeals to the district court).

[18] 419 P.2d 634, 635 (Utah 1966).

[19] UTAH R. APP. P. 4(c). In its memorandum before us, the Garvers cite *Wood*, which states that a "premature filing of the notice of appeal . . . should not be regarded as a defect which will ipso facto

(continued)

deemed valid a premature filing of a notice of appeal where the filing was before the announcement of the judgment.[20] Still, we recognize the confusion that the language in these opinions may have caused. Accordingly, we now clarify that any of our prior decisions generally stating that a notice of appeal divests the district court of jurisdiction should be construed as referring to *timely* notices of appeal. And to the extent our prior decisions state or imply that a notice of appeal filed before announcement of the judgment divests a district court of jurisdiction, we disavow such statements.

¶12 In sum, jurisdiction transfers from the district court to the appellate court only where: (1) the district court has at the very least announced its decision, and a subsequent final judgment is entered in conformity with the announcement; and (2) the appealing party files a timely notice of appeal. In other words, the timing of a party's appeal is central to the transfer of jurisdiction from the district court to the appellate court.

¶13 Here, the Garvers' timing was significantly off, and jurisdiction over the case therefore never transferred to the appellate court. After the district court compelled arbitration and after the arbitration panel announced its decision, the Garvers filed a notice of appeal on November 16, 2012, challenging only the district court's order that compelled arbitration. We dismissed this appeal as premature on May 8, 2013,[21] because there was neither a "final

---

entirely deprive the appellate court of jurisdiction. It is an irregularity which would be grounds for dismissal of the appeal within the discretion of the court." 419 P.2d at 635. But rule 4(c) has since clarified that although a premature notice of appeal will relate forward, it will do so only when the notice is filed between the announcement of the judgment and the entry of the judgment. If it is filed before the judgment is even announced, it is considered "a nullity." *Montgomery*, 595 F.2d at 567 (clarifying the notice of appeal timing requirements under a nearly identical federal rule of appellate procedure).

[20] *See Nelson v. Stoker*, 669 P.2d 390, 392–93 (Utah 1983); *Kennedy v. New Era Indus., Inc.*, 600 P.2d 534, 536 n.3 (Utah 1979).

[21] This court's dismissal of the first appeal is now the law of the case and cannot be challenged in the context of this appeal.

order[]"[22] in the case, nor did the Garvers properly seek interlocutory relief.[23]

¶14 Before we dismissed the appeal, however, the district court entered a judgment conforming to the arbitration panel's decision on March 15, 2013, in what became the necessary final judgment in the case, disposing of all claims as to both Mr. and Mrs. Garver. Although the Garvers had thirty days to appeal from this judgment, they failed to do so. Instead, they filed a motion under rule 60(b), contending that the district court lacked jurisdiction to enter its March 15 judgment. In essence, they argued that their premature notice of appeal filed on November 16, 2012, divested the district court of jurisdiction, so the district court's March 15 judgment was improper. The district court agreed and entered a ruling on February 21, 2014, granting the Garvers' rule 60(b) motion and purporting to "reissue" the judgment.

¶15 This was error. As described above, a premature notice of appeal does not effectuate a transfer of jurisdiction to review the merits of a case. Accordingly, the district court in this case retained jurisdiction. Parties cannot circumvent the jurisdictional deadlines prescribed by rule 4 of the Utah Rules of Appellate Procedure with a postjudgment motion under rule 60(b) of the Utah Rules of Civil Procedure asking the district court to reissue the judgment. And district courts lack the authority to acquiesce to such a request. Where an appeal is patently premature, district courts need not be concerned that they lack jurisdiction to proceed with a case. And where the jurisdictional question is in doubt, district courts have tools at their disposal, including the power of a stay, to resolve these concerns.[24]

---

[22] UTAH R. APP. P. 3(a); s*ee Powell*, 2008 UT 19, ¶ 18 ("[T]he order compelling arbitration and staying litigation neither ended the controversy between the litigants nor disposed of the subject matter of the litigation. Indeed, the district court retained jurisdiction over the case by staying the litigation pending the completion of the arbitration."). Furthermore, no exception to the final judgment rule applied.

[23] Although section 78B-11-129 of the Utah Code permits a direct appeal of certain interlocutory decisions pertaining to arbitration, an order compelling arbitration is not one of them.

[24] It is true that an appellate court is the ultimate judge of its own jurisdiction. *See Powell*, 2008 UT 19, ¶ 9. Thus, a district court cannot enter an order declaring an appeal to be premature that would be

(continued)

**Conclusion**

¶16 The district court erred in assuming it was divested of jurisdiction by the Garvers' premature notice of appeal. That court had jurisdiction to issue the March 15, 2013, judgment; and, because the Garvers failed to timely appeal that judgment, we lack jurisdiction to address any challenge to the merits. The district court's ruling on the rule 60(b) motion also did not substantively alter the March 15 judgment, nor could it under the Utah Court of Appeals' ruling in *Baker*.[25] Thus, there is no issue that remains for us to review and we dismiss the appeal.

---

binding on an appellate court. Nonetheless, district courts retain inherent authority to manage their proceedings to promote efficiency in the judicial process and to prevent attempts (conscious or otherwise) to abuse that process. To that end, a district court may stay proceedings pending an appellate decision on the jurisdictional issue. *Lewis v. Moultree*, 627 P.2d 94, 96 (Utah 1981) ("It lies within the inherent power of the courts to grant a stay of proceedings. It is a discretionary power, and the grounds therefor necessarily vary according to the requirements of each individual case.") And rule 8 of the Utah Rules of Appellate Procedure provides an independent mechanism for appellate courts to stay a "judgment or order" of a district court in any circumstance where it appears a district court has exceeded its discretion by declining to acknowledge a timely appeal or by declining to grant a stay.

[25] *Baker v. W. Sur. Co.*, 757 P.2d 878, 880 (Utah Ct. App. 1988) (requiring district courts to obtain an order of remand from the appellate court before granting a rule 60(b) motion).