**2017 UT App 133**

## THE UTAH COURT OF APPEALS

DANIEL ORTIZ,
Appellant,
*v.*
SCOTT CROWTHER,
Appellee.

Memorandum Decision
No. 20170337-CA
Filed July 28, 2017

Third District Court, Salt Lake Department
The Honorable Laura Scott
No. 160905458

Daniel Ortiz, Appellant Pro Se

Sean D. Reyes and Brent A. Burnett, Attorneys
for Appellee

Before JUDGES GREGORY K. ORME, J. FREDERIC VOROS JR., and
DAVID N. MORTENSEN.

PER CURIAM:

¶1      This matter is before the court on its own motion. Appellant Daniel Ortiz seeks to appeal the trial court's order granting summary judgment in favor of Scott Crowther and dismissing Ortiz's complaint. Ortiz filed a notice of appeal while a motion to alter or amend the judgment pursuant to rule 59 of the Utah Rules of Civil Procedure was pending. Although this court notified Ortiz that his appeal would not move forward until the rule 59 motion was decided, the trial court determined it lacked jurisdiction to consider the motion because of "the general rule that the trial court is divested of jurisdiction over a case while it is under advisement on appeal." *Cheves v. Williams*, 1999 UT 86, ¶ 45, 993 P.2d 191.

¶2      The trial court's ruling is incorrect. A timely notice of appeal does transfer jurisdiction from the trial court to the appellate court "for most matters in the case." *Garver v. Rosenberg*, 2015 UT 39, ¶ 10, 347 P.3d 380. However, the Utah Supreme Court has recognized exceptions to the general rule that a trial court is divested of jurisdiction upon the filing of an appeal, noting that the trial court may continue to act "in the interest of preventing unnecessary delay, where any action by the trial court is not likely to modify a party's rights with respect to the issues raised on appeal, or where the action by the trial court is authorized by rule or statute." *Cheves*, 1999 UT 86, ¶ 45. For example, the trial court is authorized by rule to consider whether to stay a judgment in a case pending on appeal, *see* Utah R. App. P. 8, and is authorized by statute to determine whether a litigant is entitled to a waiver of the filing fee on appeal. *See* Utah Code Ann. §§ 78A-2-304, -305 (LexisNexis 2012).

¶3      Additionally, to transfer jurisdiction to the appellate court, the notice of appeal must be timely. *See Garver*, 2015 UT 39, ¶ 10. "To be timely, a notice of appeal cannot be filed too late, but it also cannot be filed too early." *Id.* "[A] premature notice of appeal does not effectuate a transfer of jurisdiction to review the merits of a case." *Id.* ¶ 15.

¶4      In this instance, Ortiz filed a motion to alter or amend the judgment pursuant to rule 59. Rule 4(b) of the Utah Rules of Appellate Procedure provides that if a party timely files any one of the enumerated post-judgment motions, the time to file a notice of appeal "runs from the entry of the order disposing of the motion." Utah R. App. P. 4(b). A motion to alter or amend a judgment filed under rule 59 is one of the motions listed in rule 4(b) that will toll the time to file the notice of appeal until after the post-judgment motion is decided. Accordingly, the time for Ortiz to appeal has not started running because his motion remains pending in the trial court.

¶5 A notice of appeal filed after the entry of judgment but before the entry of an order disposing of any of the motions listed in rule 4(b), as happened in this case, will be "treated as filed after entry of the order" resolving the motion. *Id.* R. 4(b)(2). Ortiz's notice of appeal falls within this time frame. He filed it after the entry of judgment but before the trial court decided his rule 59 motion—indeed, the motion has not yet been decided. His notice of appeal is not yet effective to transfer plenary jurisdiction over the case to this court; it remains essentially on hold until the trial court rules on his motion. As a result, the trial court retains jurisdiction to consider Ortiz's rule 59 motion, and, indeed, must resolve the motion before Ortiz's appeal can go forward.[1]

¶6 Accordingly, it is hereby ordered that the trial court shall resolve Ortiz's motion to alter or amend the judgment and enter an appropriate order. The trial court shall promptly forward the order to this court to perfect jurisdiction on appeal.

_____

1. The trial court also characterized Ortiz's motion as "effectively a Motion to Reconsider." However, the motion was captioned as a Motion to Alter or Amend the Judgment and expressly invoked rule 59. On its face, the motion was sufficient to fall within rule 4(b) of the Utah Rules of Appellate Procedure. *See B.A.M. Dev., LLC v. Salt Lake County*, 2012 UT 26, ¶ 13, 282 P.3d 41.